## CITY OF TEXARKANA, ARK., et al. v. SOUTHERN CITIES DISTRIBUTING CO.

### No. 9589.

Circuit Court of Appeals, Eighth Circuit.
March 24, 1933.

Rehearing Denied May 15, 1933.

Benjamin E. Carter, of Texarkana, Ark. (Willis B. Smith, of Texarkana, Ark., on the brief), for appellants.

William H. Arnold and William H. Arnold, Jr., both of Texarkana, Ark. (F. H. Bacon, of Shreveport, La., and David C. Arnold and Richard L. Arnold, both of Texarkana, Ark., on the brief), for appellee.

Before STONE, VAN VALKEN-BURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

The Southern Cities Distributing Company furnishes gas to the City of Texarkana, Ark. Under the statutes of that state (see Acts 1921, p. 177; Acts 1929, p. 1207) the city council has the power to regulate rates for gas. The company applied to the city council of Texarkana for a raise in rates. Before determination of this application, the council and the company made an agreement upon rates higher than those then in force but lower than sought in the application. Thereafter, petitions were circulated, in accordance with the law of Arkansas for a public referendum upon this contract. After the referendum petitions were filed with the city council, certain signers thereof sought to withdraw their names therefrom and the council, according that privilege and finding that such withdrawals left an insufficient number of signers to authorize submission to the referendum, declined to order such submission. A mandamus proceeding in the state court against the council resulted in a decision by the Supreme Court of the state (Southern Cities Distributing Co. v. Carter, 184 Ark. 4, 41 S.W.(2d) 1085) to the effect

that the names could not be withdrawn and the submission should be made. The result of the referendum was to overthrow the above contract for a change in rates. Thereafter, the company brought an injunction suit in the United States court for the Western District of Arkansas to protect the contract rates. A temporary injunction was issued. Thereafter, appellants filed a motion to dissolve the temporary injunction. From an order overruling that motion and continuing the injunction, this appeal is brought.

Various matters are urged upon us here, but the case must be reversed on one clear ground. The first is by the city council, upon an application and after hearing. The other is by a contract between the company and the city acting through its council. Also, it is established, by the Supreme Court in the mandamus action in connection with these rates, that such a contract is subject to the state statutes of referendum and, under those statutes, an adverse referendum renders that contract of no effect.

Here the company initiated its movement for a raise in rates by an application to the city council. This proceeding reached no definite result as the matter was taken care of by the contract between the company and the city council. That contract would have been sufficient to establish the rates designated therein. However, a referendum was had upon this contract, with an unfavorable result, and the contract ceased to have any operative force. It was as though the contract had never been made. The old rates automatically continued and they constituted the only lawful rates. The action of the trial court in protecting, through its injunctive process, the charging of the contract rates was a protection of the company in charging rates which, under the undisputed and admitted situation, were not lawful. Obviously, this was error. No circumstances of "convenience," such as sometimes will support a temporary injunction even though they will not a permanent order, are present here. Unless there are reasons (which have not been brought to our attention) why the application of the company to the city council is not still effective, the matter now stands as upon an application for increased rates. If the application is no longer vital for some reason, then the situation is that no application for higher rates exists. In either case, the legislative remedy of action by the city council has not been followed to its final result. In this situation the injunction proceeding is premature.

The case must be reversed with instructions to vacate the injunction and to dismiss the bill, without prejudice to appellants to pursue any proper remedy, in this action or otherwise, in connection with the matter of refunds raised in the answer.

## On Petition for Rehearing and Various Motions.

Appellee has filed a petition for rehearing, a "motion for special findings of law and fact," and a motion to modify the opinion. Appellants have filed a motion to modify the opinion.

Appellee objects strenuously to the statement in the opinion: "The parties agree that, under the laws of Arkansas, rates of this character can be established in either of two ways." Counsel for appellee contend that they did not intentionally so agree and have always contended to the contrary and that the above statement that they so "agree" will prejudice the rights of their client in this litigation. At the conclusion of the argument before us, it was the understanding of all of the judges that there was no difference between counsel as to this matter, and were such agreement important to the result reached on the opinion we would be constrained to rely upon that impression. However, no such vitality exists. It is immaterial whether these or other ways existed to establish lawful rates. The real considerations are that a certain method was pursued and resulted in the rates protected by the injunction order involved here; that those rates were overthrown by a referendum vote; that such overthrow necessarily left the old rates as the only lawful rates; and that this injunction order puts into effect the rejected rates without any prior attempt to gain administrative relief from the old lawful rates by any method proper for such purpose. Solely because we deem the matter of agreement of no importance and because we would not embarrass counsel or appellee in the conduct of this litigation through a *possible* misunderstanding of their attitude by this court, the statement as to agreement is withdrawn.

The motion of appellants to modify the opinion arises from the situation that their answer included a plea for the affirmative relief of refunds of the overcharges. This court made no determination of this matter as it deemed it best that the trial court should first act thereon and the view of the trial court on the issue of the injunction prevented any consideration by it of the issue of refund as such. Appellants are apprehensive that an expres-

sion in the opinion may be construed as bearing upon the issue as to refund. That expression is, "The rates therein provided ceased to be lawful." Their contention is that the rates were suspended by the referendum proceeding and, therefore, never were lawful, and that the use of the expression "ceased to be lawful," in the above quotation, might be construed as a determination by this court to the contrary. As this court intended no ruling at all as to the refunds and to destroy any possibility of such construction of the above language, the quoted sentence is withdrawn. In line with this action, the concluding sentence of the opinion will be extended by adding thereto "without prejudice to appellants to pursue any proper remedy, in this action or otherwise, in connection with the matter of refunds raised in the answer."

Except as above set forth, the petition for rehearing and all motions filed by either of the parties are denied.